UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFACR, LLC D/B/A A & F AIR CONDITIONING & REFRIGERATION,<br><br>          Plaintiff,<br><br>vs.<br><br>THE HARTFORD INSURANCE COMPANY D/B/A SENTINEL INSURANCE COMPANY, LIMITED,<br>          Defendants. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. 1332, The Hartford Insurance Company d/b/a Sentinel Insurance Company, Limited (more properly known as "Sentinel Insurance, Ltd.") ("Defendant"), by and through its attorney, hereby removes to this Court the state court action described below on the basis of diversity of citizenship. In support of this notice, the Defendant states as follows:

1. Plaintiff commenced this action by Complaint, filed in the Superior Court of the State of Massachusetts in and for the County of Essex Docket No. 2077CV00736A (the "State Court Action"). A Complaint was filed on July 27, 2020 against Co-defendants Flex Piping Solutions, LLC and Distributor Corporation of New England only (Defendant Sentinel was not a party to the original Complaint). Plaintiff filed an Amended Complaint, adding Defendant Sentinel on October 19, 2020.

2. Upon information and belief, the Defendant Sentinel received the Summons and Amended Complaint on November 9, 2020.

3. Attached hereto as <u>Exhibit A</u> is a copy of all process, pleadings, and orders received to date by Defendant in the State Court Action.

4. The Plaintiff's claims in the Stare Court Action relate to alleged damages in an amount of $283,468.78. *See* <u>Exhibit A</u>, Amended Complaint, para. 67.

## STATUTORY REQUIREMENTS – 28 U.S.C. § 1332

5. Removal of this case is proper pursuant to 28 U.S.C. § 1332, which entitles a defendant to remove a civil action over which this Court has diversity jurisdiction.

6. Upon information and belief, plaintiff is a limited liability corporation duly organized and existing under the laws of the Commonwealth of Massachusetts having a usual place of business at Medway, Norfolk County, Massachusetts. *See* <u>Exhibit A</u>, Complaint, Paragraph 1.

7. Plaintiff asserts that the misnamed Defendant "The Hartford" is organized in the state of Connecticut with a place of business in Connecticut. Defendant Sentinel Insurance Company, Ltd[1]. is a Connecticut Corporation with a principal place of business at One Hartford Plaza, Hartford, Connecticut. *See* <u>Exhibit A</u>, Complaint, Paragraph 4; <u>Exhibit B</u>, Corporate Filing, and Corporate Disclosure.

8. All claims against Defendant Sentinel (Count IX of the Amended Complaint) have been severed from the remaining claims against the co-defendants, Flex Piping Solutions, LLC and Distributor Corporation of New England, upon motion and by Order of the Essex Superior Court, dated December 24, 2020. *See* <u>Exhibit A</u>, Order dated 12/24/20.

9. Accordingly, complete diversity of citizenship exists between the Plaintiff and the Defendant.

---

[1] Sentinel Insurance Company, Ltd. is a wholly owned subsidiary of Hartford Financial Services Group, Inc., a Delaware Corporation, with a principal place of business in Connecticut.

10. Plaintiff asserts damages in the amount of $283,468.78, in excess of the $75,000.00 jurisdictional requirement pursuant to 28 U.S.C. § 1332. *See* <u>Exhibit A</u>, Amended Complaint, para. 67.

**PROCEDURAL REQUIREMENTS AND LOCAL RULES**

11. <u>Removal to Proper Court</u>. This Court is part of the "district and division" embracing the place where this action was filed — Essex County, Massachusetts. *See* 18 U.S.C. §§ 1441(a), 1446(a).

12. <u>Removal is Timely</u>. Defendant is entitled to remove the State Court Action at any time up to 30 days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *See* 28 U.S.C. § 1446(b)(3). *See* <u>Exhibit A</u>. Therefore, Defendant's Notice of Removal is timely because it is being filed with the United State District Court for the District of Massachusetts within 30 days after the Defendant's receipt of the December 24, 2020 Order of the Essex Superior Court severing the claims against it from the claims asserted against the Co-defendants, rendering the case removable based upon the diversity of citizenship between Plaintiff and removing Defendant.

13. <u>Consent of Co-Defendants is not required</u>. The claims against removing Defendant have been severed from those against the co-defendants.

14. <u>Pleadings and Process</u>. Attached hereto as <u>Exhibit A</u> is a copy of all process, pleadings, and orders received by the Defendant in the State Court Action. *See* 28 U.S.C. § 1446(a). Pursuant to Local Rule 81.1(c), Defendant will file certified or attested copies of all records, proceedings and docket entries in the state Court within 14 days of the filing of this Notice or as soon as possible based on the delays resulting from the outbreak of SARS-CoV-2,

commonly known as "COVID-19". Defendant has paid the appropriate filing fee to the Clerk of Court upon the filing of this Notice.

15. <u>Notice</u>. Defendant will promptly serve by first class mail upon the Plaintiff's counsel and all other parties of record this Notice of Removal. Defendant will also serve upon all parties and counsels of record and file with the Clerk of the Essex County Superior Court, Massachusetts, a Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as <u>Exhibit C</u>.

16. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

## **CONCLUSION**

17. Based upon the foregoing, this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and the State Court Action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

18. In filing this Notice of Removal, Defendant does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

WHEREFORE, this action should proceed in the United States District Court for the District of Massachusetts, as an action properly removed thereto.

                                              Respectfully submitted,
                                              Defendant,
                                              SENTINEL INSURANCE COMPANY, LTD.(improperly named as "The Hartford Insurance Company d/b/a Sentinel Insurance Company, Limited"),

                                              By its Attorneys,

Dated: January 19, 2021

                                              Michele C. Sears, BBO #655211
                                              michele.sears@wilsonelser.com
                                              Wilson Elser Moskowitz Edelman & Dicker LLP
                                              260 Franklin Street, 14th Floor
                                              Boston, Massachusetts  02110
                                              (617) 422-5300

1476331v.1

## CERTIFICATE OF SERVICE

      I, Michele C. Sears that the foregoing document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by e-mail, first class mail, postage prepaid, on January 19, 2021.

Scott G. Gowen, Esq.
Law Offices of Scott G. Gowen
165 Main Street, Suite 210
Medway, MA 02053
scottggowen@yahoo.com

Thomas G. Hodgkins, Esq.
Kevin M. Zipkin, Esq.
Boyle Shaughnessy Law
695 Atlantic Avenue
Boston, MA 02111
thodgkins@boyleshaughnessy.com
kzipkin@boyleshaughnessy.com

Joseph Howard Aronson, Esq.
Kiernan Trebach LLP
40 Court Street
Boston, MA  02108
JAronson@KiernanTrebach.com

                                      Michele C. Sears

1476331v.1